**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| NDOKEY ENOW, # 435845, #1990859 | * |
| Petitioner | * |
| v. | *   Civil Action No. PWG-16-848 |
| KATHLEEN GREEN and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, *et al.* | * * |
| Respondents | * |

***

**MEMORANDUM OPINION**

Pending is Ndokey Enow's ("Enow") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his guilty plea in 2015 in the Circuit Court for Montgomery County, Maryland to solicitation to commit first degree murder. ECF No. 1. Respondents have filed a limited answer seeking dismissal of the petition as unexhausted. ECF No. 4. Enow has filed an opposition and supplement in reply. ECF Nos. 6, 7. For reasons to follow, the petition will be dismissed without prejudice, and a certificate of appealability will not issue. Additionally, the motion for supplemental evidence that Enow has filed, ECF No. 12, will be denied, as the evidence is irrelevant to the exhaustion issue.

**PROCEDURAL HISTORY**

Enow pleaded guilty on January 9, 2015, to one count of solicitation to commit first degree murder. State Ct. Docket, ECF No. 4-1. On February 27, 2015, Enow was sentenced to serve 20 years of incarceration. *Id.* Enow's application for leave to appeal the entry of his plea, which asserted that his counsel provided ineffective assistance, was denied by the Court of Special Appeals of Maryland in an unreported opinion filed on August 12, 2015. *Id.* On April

20, 2015, the Court of Special Appeals of Maryland denied Enow's motion for reconsideration of sentence. Enow did not file for further review in the United States Supreme Court, and thus, his judgment of conviction became final for direct appeal purposes on November 10, 2015, when the time for seeking such review expired. *See* Sup. Ct. Rule 13.1 (petition for certiorari to be filed within 90 days of date of judgment from which appeal is sought).

On July 23, 2015, Enow filed a petition for state post-conviction proceedings. State Ct. Docket 9; *see* Case No. 125462C (Circuit Court for Montgomery County) http://casesearch. courts. state.md.us/casesearch. A hearing on the petition is scheduled for October 23, 2016. *Id*.

Enow filed this petition for federal habeas relief on March 21, 2016, attacking his conviction on grounds which include: (1) he was unlawfully entrapped by the police; (2) he was fraudulently indicted; (3) there was an unlawful wiretap; and (4) his guilty plea was unknowing and involuntary. Pet. 4–8. Respondents maintain, and Enow does not dispute, that Enow's federal petition raises the same claims as those being litigated in the state proceeding. Resps.' Ans. 8; Pet.'s Opp'n; Pet.'s Supp.; *see also* Pet. 9 (referencing summary of post-conviction petition grounds as grounds Petitioner now raises in this Court; State Post-Conviction Pet., ECF No. 1-1 (submitted to describe grounds raised in this Court).

On June 6, 2016, this Court granted Enow additional time to address whether the claims presented were properly exhausted. ECF No. 5. Enow filed his Opposition and Supplement on June 20, 2016. The Opposition is unresponsive to the issue of exhaustion, and instead bypasses this threshold procedural issue to argue the merits of the case. *See* Pet.'s Opp'n. After arguing the merits in the first thirteen pages of the Supplement as well, Petitioner addresses exhaustion, contending that he "may be able to satisfy the requirements even if the state court has not

addressed the claim in [a] written opinion. See Dye v. Hofbauer, 546 U.S. 1, 3 (2005)." Pet.'s Supp. 14.

## EXHAUSTION

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. § 2254(b) & (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). Exhaustion affords the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary. *Rose v. Lundy*, 455 U.S. 509, 515 (1982).

Exhaustion is satisfied by seeking review of the claim in the highest state court with jurisdiction. In Maryland, a petitioner convicted in a criminal case may satisfy this requirement on direct appeal or by way of post-conviction proceedings.

To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-201 and § 12-301. If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals. *See* Cts. & Jud. Proc. § 12-302(e). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Cts. & Jud. Proc. § 12-202. If the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *See Williams v. State*, 292 Md. 201, 210-11 (1981).

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court *and* in an application for leave to appeal to the Court of Special

Appeals. *See* Md. Code Ann., Crim. Proc. § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Cts. & Jud. Proc. § 12-202. However, if the application is granted but relief on the merits of the claim is denied, a petitioner must file for writ of certiorari to the Court of Appeals to exhaust his claim. Thus, Petitioner not only must file the petition in state court but also obtain a ruling on the petition and on appeal to exhaust the claims in that petition. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006) ("A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through *one 'complete round* of the State's established appellate review process.'" (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)) (emphasis added)).

Contrary to Enow's assertion, *see* Pet.'s Supp. 14, the *Dye* Court did not hold that a post-conviction claim in state court can be exhausted before the state trial court rules on the petition. Rather, it concluded that when "the opinion of the state court . . . made no mention of a federal claim," the state court's "[f]ailure to mention [that] claim does not mean the claim was not presented to it," reasoning that "'whether the exhaustion requirement . . . has been satisfied cannot turn upon whether a state appellate court chooses to ignore in its opinion a federal constitutional claim squarely raised in petitioner's brief in the state court . . . .'" *Dye*, 543 U.S. at 3 (citation omitted).

In light of the pending state post-conviction petition, Enow may still secure review for his claims in state post-conviction proceedings, and his claims are unexhausted. *See Woodford*, 548

U.S. at 92. Accordingly, the Court will dismiss the petition without prejudice for lack of exhaustion.[1]

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Enow does not satisfy the requirements for a certificate of appealability. *See id.*

## CONCLUSION

For the above stated reasons, the Court will dismiss the petition without prejudice for lack of exhaustion. A certificate of appealability shall not issue.

August 9, 2016  /S/
Date  Paul W. Grimm
 United States District Judge

---

[1] The Clerk will send Enow a § 2254 habeas forms and information packet to assist him after his claims are exhausted in the state courts. Enow is cautioned to be mindful of the one-year limitations period applies to § 2254 petitions, if he intends to refile for federal habeas relief.